# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Douglas E. Arpert, U.S.M.J. |
| v. | : | Mag. No. 23-6014 (DEA) |
| JAQUAN PICOTT | : | **ORDER FOR CONTINUANCE** |

1. This matter came before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Richard G. Shephard, Assistant U.S. Attorney, appearing), and defendant Jaquan Picott (Andrea D. Bergman, Assistant Federal Public Defender, appearing), for an order granting a continuance under 18 U.S.C. § 3161(h)(7)(A) through and including April 1, 2024.

2. This Court granted four § 3161(h)(7)(A) continuances previously in this case.

3. Counsel for the parties represented that this additional continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

4. Counsel for the United States also represented that this additional continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

5. The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

6. The defendant, through counsel, has consented to this continuance.

- 2 -

      7.      FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

      a.      Plea negotiations are currently in progress, and both the United States and the defendant desire additional time to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

      b.      Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation.

      c.      The grant of a continuance will likely conserve judicial resources.

      d.      Thus, the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action be, and it hereby is, continued from the date of this Order is signed through and including April 1, 2024; and it is further

ORDERED that those days are excluded in computing time under the Speedy Trial Act of 1974; and it is further

- 3 -

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

                                                                            HON. DOUGLAS E. ARPERT  
                                                                            United States Magistrate Judge

Dated: January 30, 2024

Form and entry consented to:

*s/ Richard G. Shephard*  
RICHARD G. SHEPHARD  
Assistant U.S. Attorney

ANDREA D. BERGMAN  
Assistant Federal Public Defender  
Counsel for Defendant Jaquan Picott

ERIC A. BODEN  
Attorney-in-Charge  
Trenton Branch Office